<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SARA MANOPLA,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>                              Defendant. | Case No. 3:19-CV-16777-BRM-ZNQ<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant United Collection Bureau, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Sara Manopla's ("Plaintiff")[1] Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"), or in the alternative, to Compel Arbitration and Stay Proceedings ("Motion to Compel Arbitration") (collectively, "the Motion"). (ECF No. 32.) Plaintiff filed an opposition to the Motion. (ECF No. 35.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, the Motion is **DENIED**.

---

[1] Defendant inadvertently refers to "Sara Manopla" as "Sarah Manopla." (*See* ECF Nos. 31–33, 36.)

I.    BACKGROUND

A.  Procedural History

On July 11, 2019, Plaintiff filed a one-count putative class action Complaint (the "Complaint") in the Superior Court of New Jersey, Special Civil Division, Monmouth County with the caption MON-DC-006745-19 against Defendant alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (*See* ECF No. 1-1.) On August 15, 2019, Defendant removed the Complaint from the Superior Court of New Jersey to this Court under 28 U.S.C. § 1441(a). (*See* ECF No. 1.) Because the Complaint arises under a federal statute, this Court has original federal-question jurisdiction under 28 U.S.C. § 1331. After removal, on September 5, 2019, Defendant answered the Complaint (the "Answer"). (ECF No. 5.)[2] On March 23, 2020, Defendant filed the Motion presently before this Court. (ECF No. 32.) On April 6, 2020, Plaintiff filed an opposition (ECF No. 35) and Defendant filed a reply. (ECF No. 36.)

B.  Underlying Facts and Allegations

For the purposes of the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter stems from Defendant's attempt to collect a debt, an attempt Plaintiff claims violates the FDCPA. (*See generally* ECF No. 1-1.) Plaintiff is a resident of Monmouth County,

---

[2] Defendant raised several affirmative defenses in the Answer, including the following two defenses: (1) "The Complaint fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communication(s) and further fails to state facts

New Jersey (*id.* ¶ 9), and Defendant is a collection agency with its principal office located in Toledo, Ohio. (*Id.* ¶ 10.) Plaintiff claims to be a "consumer" as defined by the FDCPA, meaning a "natural person obligated or allegedly obligated to a pay a debt." (*Id.* ¶ 9; *see also* § 1692a(3).) Plaintiff alleges Defendant is a debt collector as defined by the FDCPA, meaning one "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (*Id.* ¶¶ 11–12; *see also* § 1692a(6).) Some time prior to May 29, 2019: (1) Plaintiff allegedly incurred the underlying financial obligation from Department Stores National Bank ("DSNB")[3] which was then placed with Defendant for debt collection purposes (the "Account") (*id.* ¶¶ 14, 20); and (2) DSNB filed a lawsuit against Plaintiff to collect the alleged debt. (*Id.* ¶ 21.) Shortly thereafter, Plaintiff retained counsel to represent her in connection with the lawsuit. (*Id.* ¶ 22.) Plaintiff contends, while Defendant was fully aware Plaintiff was represented by counsel regarding the alleged debt, on or about May 29, 2019, Defendant sent a letter (the "Letter") to Plaintiff in connection with the debt.

---

sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant" (ECF No. 5 at 5–6); and (2) "To the extent Plaintiff's agreement with the original creditor contains an arbitration provision, Defendant demands that this matter be stayed, and that Plaintiff pursues her individual claims against Defendant in arbitration per the terms of the credit agreement. Therefore, Plaintiff lacks standing to bring this action in this forum. Defendant affirmatively asserts its right to compel individual arbitration of Plaintiff's claims. Plaintiff should dismiss this action and proceed in arbitration against Defendant." (*Id.* at 7.) Accordingly, the Court notes that, at the outset of this litigation, Defendant reserved its right to arbitrate. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 927 (3d Cir. 1992); *Kilberg v. Discover Fin. Servs.*, No. CV165168MASLHG, 2017 WL 3528005, at *5 (D.N.J. Aug. 16, 2017). As discussed more fully below, the Court will defer ruling on all other issues raised by Defendant until after deciding whether Plaintiff's claims are subject to arbitration, including Defendant's Motion to Dismiss Plaintiff's FDCPA claims for failure to state a claim.

[3] In the Complaint, Plaintiff will occasionally refer to DSNB as "DSNB (Macy's)." (*See* ECF No. 1-1.)

(*Id.* ¶¶ 23–24.) Defendant was never given consent from Plaintiff, her attorney, or a court to contact or cause a third party to contact Plaintiff, who Defendant allegedly knew was represented by counsel. (*Id.* ¶ 26.) Defendant is alleged to have violated the FDCPA by "communicating with [Plaintiff] in connection with the collection of a debt who was known to be represented by any attorney[.]" (*Id.* ¶ 30; *see also* §1692c(a)(2).)

Defendant argues the Complaint should be dismissed in its entirety because Defendant had no knowledge Plaintiff was represented by counsel and, therefore, Plaintiff's Complaint fails to state a claim where relief can be granted. (ECF No. 32 at 7.) In the alternative, Defendant contends the allegations of the Complaint are barred by contract and must be resolved by way of arbitration. (*Id.* at 8.) Specifically, Defendant argues the cardholder agreement (the "Cardholder Agreement"), which governs disputes over the Account, contains an arbitration provision mandating private arbitration ("Arbitration Provision"). (ECF No. 32 at 16–17.) Defendant has included the Cardholder Agreement as an exhibit to the Motion.

Plaintiff does not dispute the existence of the Cardholder Agreement or that it contains the Arbitration Provision. Rather, Plaintiff argues Defendant has no legal right to enforce the terms of the Arbitration Provision because it was not an original party to the Cardholder Agreement and has not acquired any rights to enforce the Arbitration Provision. (*See* ECF No. 35 at 2, 8.) Plaintiff further contends even if Defendant could invoke the terms of the Arbitration Provision, Plaintiff's FDCPA claims are not encompassed by the Arbitration Provision. (*Id.* at 9.)

## II.   LEGAL STANDARD

The Federal Arbitration Act (the "FAA") "reflects a 'strong federal policy in favor of the resolution of disputes through arbitration.'" *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (quoting *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir.

2003)). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009). A court is required to order that the parties proceed with arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. By contrast, "[i]f a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999). The "presumption in favor of arbitration 'does not apply to the determination of whether there is a valid agreement to arbitrate between the parties.'" *Kirleis*, 560 F.3d at 160 (quoting *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). Nevertheless, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000).

## III. DECISION

The Court begins by first making clear: "[w]hen a federal court addresses a motion to compel arbitration, it is "limited to a narrow scope of inquiry." *Gay v. CreditInform,* 511 F.3d 369, 386 (3d Cir. 2007) (citation omitted); *MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 399 (3d Cir. 2020). The Court may consider only narrow "gateway matters" that touch on the question of arbitrability, such as whether an arbitration agreement applies to a particular controversy, or whether the parties are bound by the arbitration clause. *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 585 (3d Cir. 2007). "Thus, only when there is a question regarding whether the parties should be arbitrating at all is a question of arbitrability raised for the court to resolve. In other circumstances, resolution by the arbitrator remains the presumptive rule." *Id.* (internal citation and quotation

marks omitted); *see In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d 109, 116 (3d Cir. 2012). The Court will therefore order limited discovery on whether Defendant may enforce the Arbitration Provision, and will defer ruling on all other issues raised by Defendant's Motion, such as whether Plaintiff's Complaint should be dismissed for failure to state a claim. *See MZM Constr. Co., Inc.*, 974 F.3d at 406; *see also Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 577–78 (3d Cir. 2017) (finding district court erroneously ruled on the motion to dismiss before resolving the motion to compel arbitration); *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 378 (5th Cir. 2016) (finding arbitrability is a "gateway" issue, so "a court should address the arbitrability of the plaintiff's claim *at the outset* of the litigation") (emphasis added); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (finding that the court must "refrain from further action" until it first determines arbitrability) (citation omitted); *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991).

In determining whether a valid arbitration agreement exists, a court must first decide whether to use the Rule 12(b)(6) or Rule 56 standard of review. *See Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard applies when arbitrability is "apparent, based on the face of a complaint, and documents [are] relied upon in the complaint[.]" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks omitted). However,

> [w]here the complaint does not establish with clarity that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record.

*See Noonan v. Comcast Corp.*, No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017). In such circumstances, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015). Afterwards, "the court may entertain a renewed motion to compel arbitration, this time judging the motion under a [Rule 56,] summary judgment standard." *Guidotti*, 716 F.3d at 776.

Here, Defendant relies on the terms and conditions of the Arbitration Provision to support the Motion to Compel Arbitration. (*See* ECF No. 32 at 16–17.) However, because the Cardholder Agreement (containing the Arbitration Provision) was not attached to or integrally relied on in the Complaint, the Court cannot consider it. Plaintiff's claims are based entirely on the Letter, and the initial agreement between DSNB and Plaintiff from which the debt arose is described only as an "a transaction in which, property, insurance or services, which are the subject of the transaction, are primarily for personal family or household purposes." (ECF No. 1-1 ¶ 15.) Indeed, neither the Cardholder Agreement nor Arbitration Provision are referenced or alluded to in the Complaint. Rather, their existence is raised for the first time by Defendant in the Motion papers and the affidavit submitted in support of the Motion. (*See* ECF Nos. 32, 33-3.) Because the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding this motion. *Hejamadi v. Midland Funding, LLC*, No. 18-13203, 2019 WL 4855624, at *4, 2019 U.S. Dist. LEXIS 170791, at *9-10 (D.N.J. Oct. 1, 2019) (quoting *Torres v. Rushmore Serv. Ctr., LLC*, 2018 WL 5669175, at *2, 2018 U.S. Dist. LEXIS 186885, at *2 (D.N.J. Oct. 31, 2018)). The Court therefore denies Defendant's Motion to Compel Arbitration without prejudice and orders limited discovery on the issue of arbitrability, namely whether Defendant is, in fact, an "agent" or "representative" of DSNB. After

7

limited discovery, Defendant may file a renewed motion to compel arbitration, which the Court will review under a Fed. R. Civ. P. 56 standard. *See Guidotti*, 716 F.3d at 776 ("After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard."); *Torres*, 2018 WL 5669175, at *2; *Kennedy v. LVNV Funding LLC*, No. CV1810695JMVCLW, 2019 WL 1789477, at *3 (D.N.J. Apr. 24, 2019).[4]

Accordingly, Defendant's Motion to Dismiss, or in the alternative, to Compel Arbitration and Stay Proceedings is **DENIED** pending discovery**.**

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss or in the alternative Compel Arbitration and Stay Proceedings is **DENIED**,[5] without prejudice, and the parties are ordered to conduct limited discovery on the issue of arbitrability. After this limited discovery, Defendant may file a renewed motion to compel arbitration. An appropriate order follows.

**Date: November 24, 2020**                    */s/ Brian R. Martinotti*_____
                                               **HON. BRIAN R. MARTINOTTI**
                                               **UNITED STATES DISTRICT JUDGE**

---

[4] In the event this case does not proceed to arbitration, Defendant may re-file a motion to dismiss.

[5] The FAA provides that when an action is referable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Third Circuit has held that "the plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." *Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 269 (3d Cir. 2004).