**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

August 31, 2022

**LETTER ORDER**

Re:   Sarah Manopla v. United Collection Bureau, Inc., *et al.*
      Civil Action No. 19-16777-ZNQ-LHG

Dear Counsel:

      This matter comes before the Court upon Defendant United Collection Bureau, Inc.'s ("Defendant") unopposed Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 47.) Having reviewed Defendant's submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, the Court **GRANTS** the Motion.

      Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

      Local Civil Rule 56.1 requires a motion seeking summary judgment to include a statement of material facts not in dispute and requires the non-moving party to file a responsive statement of material facts. L. Civ. R. 56.1(a). The rule further provides that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.* Although a motion for summary judgment may not be granted by default merely because it goes unopposed, A*nchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990), the motion may be granted if the undisputed facts warrant judgment as a matter of law, *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003); *Houston v. Twp. of Randolph*, 934 F. Supp. 2d 711, 723 (D.N.J. 2013), *aff'd*, 559 F. App'x 139 (3d Cir. 2014).

      In order to prevail on an FDCPA claim, a plaintiff must establish that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). On this Motion, Defendant only challenges Plaintiff's showing as to the fourth prong.

On July 11, 2019, Plaintiff Sarah Manopla filed a one-count putative class action Complaint (the "Complaint") in state court alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (*See* ECF No. 1-1.) Defendant subsequently removed this case to federal court pursuant to 28 U.S.C. § 1441(a). (*See* ECF No. 1.) This Court has original federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claim arises under a federal statute.

Sometime prior to May 29, 2019, Plaintiff incurred an obligation (the "Debt") to Department Stores National Bank[1] ("DSNB") for the purchase of a sectional sofa from Macy's, and DSNB/Macy's filed a lawsuit against Plaintiff seeking to collect the Debt. (Statement of Undisputed Material Facts ("SUMF") ¶¶ 6, 9, ECF No. 47-1.) Shortly thereafter, Plaintiff retained counsel to represent her in connection with the suit. (*Id.* ¶ 10.)

At some point, Citibank N.A. contracted Defendant to collect the Debt. (*Id.* ¶ 8.) On or about May 29, 2019, Defendant mailed Plaintiff a collection letter in an attempt to collect the Debt. (*Id.* ¶ 11.) Plaintiff makes no allegation that she or her attorney informed Defendant that she was represented by counsel in connection with the Debt. (*Id.* ¶ 12.) Instead, Plaintiff assumed that DSNB/Macy's would have informed Defendant that she was represented by counsel in connection with the Debt. (*Id.* ¶ 13.) Defendant, however, did not learn that Plaintiff was represented by counsel until Defendant was served with Plaintiff's Compliant on or around July 16, 2019. (*Id.* ¶ 15.)

Plaintiff asserts a single claim under 15 U.S.C. § 1692c(a)(2), alleging that Defendant contacted her in connection with the collection of a debt at a time when she was known to be represented by an attorney. (*Id.* ¶ 5.) Under Section 1692c(a)(2), Plaintiff must establish that: "(1) prior to the debt collector's communication with the plaintiff, the plaintiff was represented by counsel with respect to the debt owed to the creditor; and (2) the debt collector had actual knowledge that the plaintiff was represented by counsel with respect to the debt owed to the creditor." *Hague v. Lyons, Doughty & Veldhuis, PC*, Civ. No. 18-11293, 2020 WL 1284435, at *2 (D.N.J. Mar. 18, 2020) (quoting *Vega v. United Recovery Sys., L.P.*, Civ. No. 11-5995, 2012 WL 458468, at *3 (D.N.J. Feb. 9, 2012)).

Here, it is undisputed that Defendants lacked *actual knowledge* that Plaintiff was represented by counsel in connection with the Debt. Plaintiff never notified Defendant that she was represented by counsel. To the extent Plaintiff relies on constructive, or imputed knowledge of representation, her claim fails as a matter of law. *See Maldonado v. Lyons, Doughty, & Veldhuis, P.C.*, Civ. No. 13-1825, 2014 WL 1297612, at *3 (D.N.J. Mar. 31, 2014) ("A creditor's knowledge of representation is not 'automatically imputed' to the debt collector."). Accordingly, the Court **GRANTS** Defendant's Motion, and judgment is hereby entered against Plaintiff. The Clerk's Office is instructed to **CLOSE** this case.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[1] DSNB is a creditor as the term is defined under 15 U.S.C. § 1692a(4). (SUMF ¶ 7.)